IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL JAMES WOODS, <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTION CARE SOLUTIONS, Emiley Waltman, LPN; and LANCASTER COUNTY DEPARTMENT OF CORRECTIONS, <br><br> Defendants. | 8:17CV14 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint on January 11, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner at Lancaster County Department of Correction in Lincoln, Nebraska. (Filing No. 1 at CM/ECF p. 2.) Plaintiff's Complaint names Correction Care Solutions ("CCS"), Emiley Waltman ("Waltman"), a nurse employed by Correction Care Solutions, and Lancaster County Department of Correction ("LCDC") as Defendants. (*Id*.) He sues Waltman in her official capacity. (*Id*.) Plaintiff brings § 1983 Eighth Amendment and state law medical malpractice claims against Defendants.

Plaintiff alleges that he broke his collar bone prior to his arrest. (*Id*. at CM/ECF p. 6.) He informed the booking officer at LCDC of his injury. (*Id*.) Waltman, the "on call" nurse, checked Plaintiff. (*Id*.) She did not believe Plaintiff

that his collar bone was broken and that he was in pain. (*Id*. at CM/ECF p. 7.) Plaintiff alleges that, as a result of Waltman's findings, LCDC made him lay on a concrete bench without a blanket and without medication for several hours, causing him further pain and suffering. (*Id*.) Plaintiff immediately filed a medical request. (*Id*.) As a result, another nurse ordered x-rays, which confirmed that Plaintiff's collar bone was broken. (*Id*. at CM/ECF pp. 7-8.) Plaintiff claims that the nurse told him that he "will be deformed in that area – nothing we can do." (*Id*. at CM/ECF p. 8.) He was given Tylenol for pain. (*Id*.) Plaintiff alleges that, because of his repeated complaints, the x-rays were sent back to a radiologist with a request for a recommendation. (*Id*. at CM/ECF pp. 8-9.) Plaintiff had surgery on his collar bone six weeks after he was booked into LCDC. (*Id*. at CM/ECF p. 9.)

Upon his return from the hospital, Plaintiff was moved for observation from general population to the infirmary. (*Id*.) Plaintiff claims that he was not given the full amount of his pain medication after surgery and that he suffered anxiety attacks and nervous breakdowns from listening to other inmates in the infirmary. (*Id*. at CM/ECF pp. 9-10, 16-17.) In a "Supplement" to his Complaint, Plaintiff alleges that a doctor with CCS failed to timely schedule him for a second surgery to have the plate removed that was inserted during his first surgery. ([Filing No. 8 at CM/ECF pp. 2-3](#).) Plaintiff has since had the plate removed during a second surgery. (*Id*. at CM/ECF p. 1.) Plaintiff seeks an unspecified amount of monetary relief for pain and suffering and for any permanent damage. ([Filing No. 1 at CM/ECF p. 12](#); [Filing No. 8 at CM/ECF p. 2](#).)

## II. APPLICABLE STANDARDS OF REVIEW ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* [28 U.S.C. §§ 1915(e)](#) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant

2

who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. Lancaster County Department of Correction**

The court liberally construes Plaintiff's claims against LCDC as claims against Lancaster County. *See Sullivan v. Sarpy County Jail*, 2015 WL 5124968

3

(D. Neb.) (Sarpy County was the proper defendant, not the Sarpy County Jail). As a municipal defendant, Lancaster County may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County's employees, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his pain and suffering. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Lancaster County across the line from conceivable to plausible under the *Jane Doe* standard.

4

### B. Correction Care Solutions and Emiley Waltman, LPN

Plaintiff sues CCS and Waltman, an employee of CCS, in her official capacity. The court liberally construes CCS as a contract medical care provider with LCDC.

### 1. Correction Care Solutions

"A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Col.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 (1978)). Here, Plaintiff has not alleged that CCS has a "policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." *Id.* In other words, Plaintiff has not alleged that CCS has a policy or custom of deliberately disregarding prisoners' objectively serious medical needs.

### 2. Emiley Waltman, LPN

Official capacity claims are "functionally equivalent to a suit against the employing ... entity." *Vetch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). "When a private entity like [CCS] contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the states. In so doing, it becomes the functional equivalent of the municipality" and an essential element of its liability is the existence of a custom or policy. *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997); *see also Burke v. N.D. Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002)(When a corporation acts under color of state law, the proper test for determining official capacity liability is whether a policy, custom, or action by those whose actions may be said to represent official policy inflicted the constitutional injury). Therefore, Plaintiff's official capacity claims against Walton

5

are treated as claims against CCS. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010). As explained above, Plaintiff has not alleged that CCS has a policy or custom of deliberately disregarding prisoners' objectively serious medical needs.

However, the court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file his amended complaint no later than **April 19, 2017**. **Plaintiff is warned that his amended complaint will supersede, not supplement, his Complaint and "Supplement."** Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. The court cautions Plaintiff that it appears that Defendants were responsive to Plaintiff's requests for treatment and engaged in active efforts to address Plaintiff's medical conditions. Allegations suggesting that Defendants acted negligently or refused to follow Plaintiff's requested course of treatment are insufficient to support an Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that mere negligence or medical malpractice are insufficient to rise to a constitutional violation); *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (stating that "an inmate's mere disagreement with the course of his medical treatment fails to state a claim of deliberate indifference").

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint that states a claim upon which relief may be granted by **April 19, 2017**. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: **April 19, 2017**, check for amended complaint.

Dated this 20th day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge